UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GRIMALDI DEEP SEA S.p.A.,

      Plaintiff,

vs.                                                   Case No.  3:25-cv-615-MMH-MCR

SSA ATLANTIC, LLC,

      Defendant.

                               /

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration of Order Granting Motion to Dismiss (Doc. 20; Motion for Reconsideration), filed November 14, 2025.[1] Defendant, SSA Atlantic, LLC (SSA), filed its Response to Motion for Reconsideration (Doc. 23) on November 28, 2025. Accordingly, this matter is ripe for review.

Plaintiff, Grimaldi Deep Sea S.p.A. (Grimaldi), initiated this action on June 3, 2025, by filing the Complaint (Doc. 1), which was nearly identical to the operative pleading in an action already pending before the Court: Grimaldi Deep Sea S.p.A. v. SSA Atlantic, LLC, No. 3:24-cv-562-MMH-SJH (First

---

[1] The Court notes that Grimaldi's counsel failed to comply with Local Rule 3.01(g), Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), regarding the duty to confer. Counsel are advised that, in the future, failure to comply with the Local Rules may result in sanctions. Therefore, counsel are strongly advised to familiarize themselves with the Local Rules before practicing before the Court again.

Action). Compare Complaint, with Amended Complaint (First Action Doc. 22), filed April 10, 2025. Due to its duplicative nature, on October 7, 2025, the Court ordered Grimaldi to show cause why this action should not be dismissed. See Order to Show Cause (Doc. 15). In response, Grimaldi explained that it filed this duplicate action before the applicable statute of limitations period expired so that it could address SSA's argument that it failed to timely effect service of process in the First Action. See Grimaldi Deep Sea S.p.A.'s Response to Order to Show Cause (Doc. 17), filed October 14, 2025, at ¶¶ 8–9. However, on October 17, 2025, the Court expressly found that Grimaldi's First Action was not due to be dismissed for failure to effect service of process in accordance with the Federal Rules of Civil Procedure (Rule(s)). See Order (First Action Doc. 42), at 5 n.3. Thus, noting that this action was duplicative and did not correct any deficiency of the First Action, the Court dismissed this action. See Order (Doc. 18; Dismissal Order), filed October 17, 2025. Now, despite filing a motion for reconsideration in the First Action, Grimaldi requests that the Court reconsider the Dismissal Order in this action as well. See Motion for Reconsideration at 3. Upon review, the Court finds that Grimaldi's Motion for Reconsideration is due to be denied.

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e).[2]  Rule 59(e) affords the Court discretion to reconsider an order which it has entered.  See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[ ]discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (quotations and citations omitted). This Court has interpreted those parameters

---

[2] The Rules do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. U.S., 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008). It is widely recognized, however, that Rule 59(e) (which governs motions "to alter or amend a judgment") encompasses motions for reconsideration. Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure 2d § 2810.1 (2007)).

In the Motion for Reconsideration, Grimaldi cites both Rule 59(e) and 60(b) as the basis for the relief it seeks. See Motion for Reconsideration at 1. Upon review, it appears that Grimaldi seeks reconsideration of the merits of the dispute addressed in the Court's Dismissal Order, consistent with the purposes of Rule 59(e). See Shaarbay v. Florida, 269 F. App'x 866, 867 (11th Cir. 2008) (citing Wright v. Preferred Research, Inc., 891 F.2d 886, 889 (11th Cir. 1990)). As such, the Court will consider the Motion for Reconsideration under the standard for Rule 59(e) motions. However, even if the Court were to consider the Motion for Reconsideration under Rule 60(b), doing so would not produce a different result. "A 'significantly higher' standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)." Holland v. Tucker, No. 06-CIV-20182, 2012 WL 2412115, at *2 n.1 (S.D. Fla. June 26, 2012) (quoting Vanderberg v. Donaldson, 259 F.3d 1321, 1326 (11th Cir. 2001)). Therefore, if Grimaldi is not entitled to relief under Rule 59(e), it also is not entitled to relief under Rule 60(b), and the Court need not address its arguments under Rule 60(b) separately.

The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). Likewise, the Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).  For example, reconsideration may be appropriate where "the Court has patently misunderstood a party." O'Neill v. Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal, 958 F.2d at 1047.  Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites at the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69; Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law"). Accordingly, the Eleventh Circuit Court of Appeals has held that the "[d]enial

of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted). Moreover, "[w]hen evaluating a motion to reconsider, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" U.S. v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

Here, in the Motion for Reconsideration, Grimaldi simply incorporates the arguments it set forth in a motion filed in the First Action. See Motion for Reconsideration at 3. However, as noted in the Order denying Grimaldi's motion for reconsideration in the First Action, see Order (First Action Doc. 54; First Action Reconsideration Denial), entered April 2, 2026, Grimaldi's incorporated arguments fail to provide a basis for the Court to reconsider its substantive rulings. See First Action Reconsideration Denial at 5–9. As such, the Motion for Reconsideration fails for the same reasons here.

Moreover, even if the Court were to reconsider its rulings in the First Action, it would not reconsider the Dismissal Order in this action. Central to the Court's dismissal of this action was the fact that it is entirely duplicative and does not correct any deficiency of the First Action. See Dismissal Order at

3. Indeed, Grimaldi may not maintain both actions. See Rumbough v. Comenity Cap. Bank, 748 F. App'x 253, 255 (11th Cir. 2018) (noting that the Eleventh Circuit has "adopted a rule against a plaintiff maintaining two separate actions involving the same subject matter, at the same time, in the same court, against the same defendant" (citing Vanover v. NCO Fin. Servs., Inc., 857 F.3d 833, 840–42 (11th Cir. 2017)). As such, the Motion for Reconsideration is due to be denied.

Accordingly, it is

**ORDERED:**

Grimaldi's Motion for Reconsideration of Order Granting Motion to Dismiss (Doc. 20) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 1st day of April 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Lc35
Copies to:
Counsel of Record